IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT SMITH, ISAAC ADAMS, ANTHONY FAIN, GREGORY JORDAN, and ANTHONY NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS,<br><br>Defendants. | Case No. 07 C 3659<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

This is a putative class action brought by two former pre-trial detainees and three presently incarcerated individuals who were or are now detained at the Cook County Department of Corrections (the "CCDC") and were denied timely or adequate treatment for dental pain. They now move to have the Court certify a class consisting of "all persons who, while confined at the Cook County Jail on and after June 29, 2005, made a request for treatment of dental pain and did not receive timely treatment of a dentist." The Defendants object to the motion on multiple grounds.

### I. BACKGROUND

According to the amended Complaint:

    Plaintiff, Vincent Smith while a pre-trial detainee, was struck in the mouth by a fellow detainee and was injured. He alleges that he submitted numerous requests to see a dentist because of tooth pain but was never treated.;

> Plaintiff Isaac Adams while a pre-trial detainee informed medical personnel at the CCDC at the time he was processed that he had a "tooth problem." He made several written and oral requests to see a dentist and eventually filed a grievance for dental treatment. After several months he was examined and treated by a dentist.
>
> Plaintiff Anthony Fain is currently incarcerated. In May 2007 he began suffering from a painful toothache. He made written requests and two grievances requesting dental treatment. After the first grievance he was placed on the dental waiting list and was treated for pain. After his second grievance he was seen by a dentist and an infected tooth was extracted.
>
> Plaintiff Gregory Jordan is currently incarcerated. He began suffering from a painful toothache in July 2007. In December he filed a grievance requesting that a dentist extract his tooth. He was instead seen by a physician for prescribed pain medication.
>
> Plaintiff Anthony Nelson is currently incarcerated. He began complaining of a toothache in January of this year. He was referred to a physician for treatment instead of a dentist.

According to the Defendants the Cermak Health Services of Cook County provides dental care to the inmates of the CCDC. Its dental policy is to "provide adequate comprehensive dental care for the detainee, with their consent and within the limits of available resources." According to the Complaint the Defendants do not provide sufficient dentists to care for the detainees adequately.

## II. DISCUSSION

Rule 23(a) and (b) provide the framework for deciding whether to certify a class. The requirements are well known: numerosity, commonality, typicality, and adequacy of representation (Rule 23(a)); and, questions of law and fact common to the members

of the class predominate over any questions affecting only individual members and a class action is superior to other available methods (Rule 23(b)(3)).

While it appears that Plaintiffs can establish numerosity (the Defendants have identified more than 200 pretrial detainees who filed grievances complaining of delays in receiving dental treatment) their motion fails due to a lack of commonality and typicality. The gravamen of Plaintiffs' case is that by providing inadequate dental care the Defendants' deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain" and violates the Eighth Amendment's prohibition of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). While the Eighth Amendment does not apply to pre-detainees, the Due Process Clause of the Fourteenth Amendment does under the same standard as the Eight Amendment. *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). There is both an objective and subjective element to an Eighth Amendment claim of deliberate indifference. A detainee must first show that he had an objectively serious medical need that resulted in significant harm or injury by inattention. Second, he must show that the inattention was a result of a sufficiently culpable state of mind so as to constitute deliberate indifference, a subjective inquiry. *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006).

There is no question that failure to provide adequate dental care to a pretrial detainee in need which results in significant harm or injury can constitute a constitutional violation. Plaintiffs cite *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) and *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) for this proposition. While both of these cases involved Eighth Amendment claims based on inadequate dental care, neither involved class certification issues. In *Wynn* the Seventh Circuit reversed a grant of a motion to dismiss for the refusal of the state to supply dentures to an inmate who alleged that his ability to eat was significantly impeded and he suffered bleeding and headaches. The court held that the deliberate indifference element was a closer question but that allegations of the complaint did not rule out the possibility that the officials acted deliberately. In *Farnham* the Seventh Circuit affirmed a denial summary judgment on qualified immunity grounds based on the detailed evidence of significant injury due to denial of toothpaste which the inmate had requested at least fifteen times.

Cases involving personal injury and inadequate medical care are particularly fact specific as the *Wynn* and *Farnham* cases show. In order to prove the objective element of an Eighth Amendment claim, a plaintiff must first show that he had a condition that required dental care; second, that he did not receive adequate dental care; third, that he suffered significant injury or harm;

and fourth that the injury or harm was causally related to the inadequate care. Each plaintiff's case would necessarily be different. For example, while each of the named plaintiffs save one received expert care, two from medical doctors and two from dentists, someone would have to explain why the care was not adequate. While three of the plaintiffs filed grievances prior to obtaining care, they would have to show that normal triage principles were violated. Each of the five would have to show that they suffered significant injury or harm that was caused by the inattention. Each of the plaintiffs as well as the alleged two hundred others would most certainly be required to produce expert testimony on each of the propositions that they are required to prove. While a plaintiff could testify that he suffered pain in most cases that would not be sufficient to prove a specific injury resulted or that causation was established. Thus, while some issues would be common, many would not and no case would be typical.

While the issue of a culpable state of mind might be amenable to class consideration, (plaintiff alleges in its reply brief that the dental staff was reduced from fourteen in fiscal year 2004 to one in 2007) nevertheless, the question of causation would still be faced.

The Plaintiffs cite *LeClercq v. Lockformer Co.*, 2001 WL 199840 (N.D.Ill., 2001) as authority for class certification in a case

involving multiple injuries (although not constitutional) resulting from a chemical spill but the plaintiff class in that case specifically disclaimed any personal injury and were content with claiming damage to their real estate which could be established by a single real estate appraiser. The court in granting class certification distinguished *Hurd v. Monsanto Co.*, 164 F.R.D. 234, 238-39 (S.D. Ind., 1995), a case in which class certification was denied because the plaintiffs were claiming personal injury as a result of the same course of conduct alleged in *LeClercq*.

The other cases cited by Plaintiffs are distinguishable. *Young v. County of Cook*, 2007 WL 1238920 (N.D. Ill., 2007) Case No. 06-552 (Mem. Op. April 25, 2007), was a Fourth Amendment unreasonable search case based on strip search policy which obviously did not involve personal injury. Whether the search was reasonable was common to all class members. *Jackson v. Sheriff of Cook County*, 2006 WL 3718041 (N.D. Ill., 2007) Case No. 06 C 0493 (Mem. Op. Dec. 14, 2006), involved testing of inmates for STDs and did not involve a claim for injuries. The Sheriff argued that a class should not be certified because a major issue was whether an inmate had given consent to the testing. The court did not believe that this factual inquiry would be significant. The final case cited by Plaintiffs was *Hargett v. Baker*, 2002 WL 1433729 (N.D.Ill., 2002). This case involved the constitutionality of the state's treatment program for sexually violent persons. Again

there was no claim for personal injury. The plaintiffs were claiming that the state provided constitutionally inadequate treatment which prevented a person, who was designated as sexually violent, to progress through the treatment program, to gain release. Thus, the same issue was presented as to each class member. There was no request for individual damages in the *Hargett* case. The plaintiff has not cited any other case in which a class was certified in which the predominant claim was one of injury and the court has found none.

### III. <u>CONCLUSION</u>

Since the Plaintiffs have failed to demonstrate commonality and typicality the Court must deny the Motion for Class Certification and need not consider the other elements required by Rule 24. The Motion for Class Certification is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** May 6, 2008