# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT SMITH, ISAAC ADAMS, ANTHONY FAIN, GREGORY JORDAN, and ANTHONY NELSON, | |
| Plaintiffs, | Case No. 07 C 3659 |
| v. | Hon. Harry D. Leinenweber |
| SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs have filed a putative class action in which they allege a policy of deliberate indifference to the dental needs of the inmates of Cook County Jail. On May 6, 2008, the Court denied the motion to certify the class, finding that the claims were not sufficiently common or typical. Plaintiffs now move for reconsideration. For the reasons stated below, the Motion to Reconsider is **denied**.

### I. BACKGROUND

The Court's May 6, 2008 Order found that Plaintiffs failed to meet Rule 23(a)'s requirements of commonality and typicality. While the Court recognized the potential for some common issues (particularly in proving the subjective element of indifference), it nevertheless concluded that many issues would not be common and that no case would be typical. In particular, the Court emphasized

the individualized and fact-specific inquiries which proof of causation would require.

Plaintiffs' Motion to Reconsider suggests that the Court overlooked that this is a policy case in which Plaintiffs challenge the systemic inadequacy of dental services at the Cook County Jail. Rather than challenging the adequacy of treatment eventually received or the deliberate indifference of individual persons, Plaintiffs complain of the system-wide reduction of dentists and the delay and undue suffering that reduction causes. Because Plaintiffs target the system-wide staffing deficiency, which is common to all class members, they argue that the individual facts surrounding each Plaintiff's condition and ultimate care should not prevent class certification. Instead, they propose to certify the common question of "whether the lengthy delay in receiving dental treatment is capable of causing a violation of constitutional rights," and leave demonstration of the individual harm to separate, follow-on proceedings. (Pls.' Mot. Recons. 4.)

## II.  **ANALYSIS**

Plaintiffs' motion, and their proposed method of prosecuting this case, fail to adequately account for the individualized proof of causation that this case will require, and which caused this Court to deny the original motion for class certification. Although Plaintiffs may be correct that they can show system-wide indifference in a single proceeding, proximate causation of the

injuries alleged is still a necessary element in a suit under 42 U.S.C. § 1983. *See Hibma v. Odegaard*, 769 F.2d 1147, 1155 (7th Cir., 1985) (Section 1983 liability is governed by the general principles of tort liability, including the concept of proximate cause). And while the alleged deficiency of staff may be common to all class members, its effect and its role in causing the injuries alleged will necessarily vary from plaintiff to plaintiff. Indeed, among just the five named Plaintiffs, the delay in treatment varies from approximately seven months for Plaintiff Anthony Fain, to three months for Plaintiff Isaac Adams, to prompt treatment for Plaintiff Anthony Nelson (albeit, by a physician, rather than a dentist). The intermediate treatment for pain received by Plaintiffs Fain and Gregory Jordan further distinguishes the circumstances and care of the putative class representatives. These divergent facts led the Court to believe that a single class action would be an inefficient and inappropriate means to resolve the question of whether Defendants' reduction of dental care has caused lengthy delays in treatment and unnecessary pain to the inmates of Cook County Jail.

Plaintiffs' attempt to remove these individualized determinations of causation and certify only the common facts related to the reduction of dental staff cannot be permitted. While such an approach may reduce the Court's earlier concerns about whether Plaintiffs' claims were sufficiently typical and common, it runs headlong into objections regarding its workability.

The Court doubts that it could find the current staffing inadequate without some showing that the care of inmates has been harmfully delayed. The necessity of considering the impact upon Plaintiffs then leads back to the individualized and divergent facts which the Court originally found to make class certification inappropriate. In short, it would be difficult, if not impossible, to separate these individualized facts from resolution of the claim common to all class members, thus making Plaintiffs' proposed separation of issues unworkable in practice. *Cf. Bethards v. Bard Access Systems, Inc.*, 1995 WL 75356, at *7 (N.D.Ill., Feb. 22, 1995) ("[M]anagement of the class poses many difficulties because the determination of Plaintiff's allegations is inseparable from the issue of each individual's showing of proximate cause."). To the extent Plaintiffs attempt to state the common question at a yet further level of abstraction ("whether the lengthy delay in receiving dental treatment is *capable* of causing a violation of constitutional rights" (Pls.' Mot. Recons. 4.)), it verges on asking this Court to issue an advisory opinion.

Even if the Court were able to decide the question of system-wide adequacy separate and apart from the individualized facts of each prisoner's condition and care, the Court does not view such a bifurcated approach as an efficient or superior means of resolving Plaintiffs' claims. Contrary to the circumstances before the Court in *Mejdrech v. Met-Coil Systems Corp.*, 319 F.3d 910 (7th Cir.,

2003), resolution of the common issue in this case will not be fact intensive, and the issues of individual causation and damages will likely encompass the vast majority of the time and resources necessary to judge Plaintiffs' claims. Therefore, certification of the narrow issue of the jail's reduction of dental staff would not satisfy the predominance requirement of Rule 23(b)(3). *See Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 403 (N.D.Ill., 2006) ("A putative class representative cannot satisfy the predominance requirement by defining the common issue narrowly and leaving all of the individual issues for follow-on proceedings, especially when the non-common issues are necessarily intertwined with the common issues and resolution of the common issues would not materially advance the litigation."). Nor would singular resolution of the common issue lead to noticeable gains in efficiency, given the likely need to revisit the facts surrounding the system-wide reduction of staff in making individualized determinations of causation. Indeed, given the disparate waiting periods endured by the named Plaintiffs and the varying level of intermediate care they received, individualized determinations of the adequacy of dental staff are likely to prove more reliable and accurate than uniform resolution of the issue.

### III. **CONCLUSION**

However defined, and however structured, the Court does not view this case as one susceptible to class certification. The

issues of individual causation and injury will be more appropriately and efficiently resolved in separate proceedings, and the Plaintiffs' claims will not be meaningfully advanced or more quickly resolved by uniform decision on the common issue of staff reduction. The Court's original order denying class certification must stand. Plaintiffs' Motion to Reconsider is **denied**.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

**DATE:** July 16, 2008